**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
––––––––––––––––––––––––––––––––––––––––X

D.B. on behalf of S.B.,

                Plaintiff,

                v.

New York City Department of Education,
New York City Board of Education, and
Richard Carranza, in his official capacity as
Chancellor of the New York City School District,

                Defendants.

––––––––––––––––––––––––––––––––––––––––X

Case No: __18cv7898__

**COMPLAINT**

## INTRODUCTION

Plaintiff D.B., individually and as a parent of S.B., a child with a disability, by and through her attorneys, Advocates for Children of New York ("AFC") and Morrison & Foerster LLP, for her complaint hereby alleges:

1.     This is an action brought pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504").

2.     Plaintiff D.B. resides in the County of New York, in the State of New York.

3.     S.B. is a child with a disability as defined by IDEA, 20 U.S.C. §1401(3)(A).

4.     S.B. is a child with a disability as defined by Section 504, 29 U.S.C. § 794.

5.     Defendant New York City Department of Education (the "NYC DOE") and Defendant New York City Board of Education are the official bodies charged with developing policies with respect to the administration and operation of public schools in New York City, including programs and services for students with disabilities. N.Y. Educ. Law §§ 2590, 2590-g

1

(McKinney).  The NYC DOE is a recipient of federal assistance.  The NYC DOE is a branch of the municipal government in New York City, with its principal place of business at 52 Chambers Street, New York, New York, 10007.

6.      Defendant Richard Carranza is the chancellor of the NYC DOE ("the Chancellor") and, as such, is entrusted with the specific powers and duties set forth in N.Y. Educ. Law § 2590-h (McKinney), including oversight of the NYC DOE's provision of education and services to students with disabilities under the IDEA and Section 504.  The Chancellor's principal place of business is 52 Chambers Street, New York, New York, 10007.

7.      Collectively, the NYC DOE, the Chancellor, and New York City Board of Education are referred to herein as "Defendants."

## JURISDICTION AND VENUE

8.      Jurisdiction is based upon the fee-shifting provisions of the IDEA, 20 U.S.C. § 1415, and Section 504, 29 U.S.C. § 794.

9.      Venue is proper under 28 U.S.C. §1391(b)(1).

## FACTUAL BACKGROUND

10.      S.B. has been identified by the NYC DOE as a student with a disability.

11.      Plaintiff, through her attorneys, filed a request for a due process hearing pursuant to the IDEA, 20 U.S.C. § 1415(f)(1), and Section 504, 29 U.S.C. § 794, and filed an amended due process hearing request on May 8, 2015 (the "Due Process Request").  The Due Process Request sought an order requiring the NYC DOE to amend S.B.'s Individualized Education Program to recommend a state-approved nonpublic school.  The Due Process Request also requested the NYC DOE to provide a voucher for counseling, because the NYC DOE had denied

2

S.B. a Free Appropriate Public Education ("FAPE") for the 2014–2015 school year under the IDEA and Section 504 (together, the "FAPE Claims").

12.     An impartial hearing officer conducted a due process hearing to address the claims and relief sought in the Due Process Request over three days:  May 7, 2015; June 12, 2015; and July 15, 2015.

13.     After the hearing commenced, the NYC DOE conceded that it had denied S.B. a FAPE.  Nevertheless, the NYC DOE insisted that the hearing proceed, contesting Plaintiff's requested relief.

14.     On September 1, 2015, the hearing officer issued a decision, which the hearing officer corrected on September 4, 2015.  The hearing officer found that the NYC DOE had denied S.B. a FAPE for the 2014–2015 school year and that Plaintiff's FAPE Claims were warranted.  The hearing officer ordered the NYC DOE to pay the cost of S.B.'s tuition at the requested state-approved nonpublic school and to issue S.B. a voucher for counseling.  The NYC DOE did not appeal the order.

15.     Because the hearing officer ruled that the NYC DOE had denied S.B. a FAPE for the 2014–2015 school year and ordered all of the relief requested in Plaintiff's Due Process Request, Plaintiff was a prevailing party for purposes of her FAPE Claims under the IDEA and under Section 504 for the 2014–2015 school year.

16.     On October 3, 2017, in accordance with NYC DOE policy and procedure for submitting fee requests in connection with due process hearings, Plaintiff's attorneys submitted a request to the NYC DOE for attorneys' fees pursuant to the IDEA and Section 504's fee-shifting provisions.  The request included timesheets with entries detailing the work each attorney did and the time spent in connection with the Due Process Request and hearing.

ny-1342366

17.     Because the NYC DOE did not resolve Plaintiff's fee request, Plaintiff now submits this complaint for fees pursuant to the IDEA and Section 504.

## FIRST CAUSE OF ACTION

18.     Plaintiff repeats and realleges paragraphs 1–17 as if fully set forth herein.

19.     Plaintiff requested a due process hearing pursuant to the IDEA because of the NYC DOE's failure to provide S.B. a FAPE.

20.     The due process hearing resulted in an order finding that the NYC DOE had denied S.B. a FAPE and granting all of the relief that Plaintiff sought at the hearing.

21.     Plaintiff is a prevailing party for purposes of the fee-shifting provisions of the IDEA.

22.     As a prevailing party, Plaintiff is entitled to an award of reasonable attorneys' fees and costs associated with enforcing her child's rights under the IDEA; such fees and costs include, but are not limited to, the fees and costs associated with enforcing the obligation of the NYC DOE to provide a FAPE and to pay attorneys' fees and costs.

## SECOND CAUSE OF ACTION

23.     Plaintiff repeats and realleges paragraphs 1–22 as if fully set forth herein.

24.     Section 504 and its implementing regulations provide that "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a); *see also* 34 C.F.R. § 104.4(a).

25.     The NYC DOE receives federal funding and is therefore subject to the obligations of Section 504.

4

26.    S.B. is a child with a disability as defined by Section 504.

27.    Plaintiff filed the Due Process Request pursuant to Section 504 because of the NYC DOE's failure to provide S.B. a FAPE.

28.    The due process hearing resulted in an order granting the relief that Plaintiff sought at the hearing.

29.    Plaintiff is a prevailing party for purposes of the fee-shifting provisions of Section 504.

30.    As a prevailing party, Plaintiff is entitled to an award of reasonable attorneys' fees and costs associated with enforcing her child's rights under Section 504; such fees and costs include, but are not limited to, the fees and costs associated with enforcing the obligation of the NYC DOE to not discriminate against students with disabilities and to pay attorneys' fees and costs to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court issue the following relief:

      A.     Find that Plaintiff was the prevailing party in connection with the due process hearing addressing Plaintiff's FAPE Claims for the 2014–2015 school year;

      B.     Award Plaintiff the fees, costs, and expenses incurred in connection with the due process hearing addressing Plaintiff's FAPE Claims for the 2014–2015 school year;

      C.     Award Plaintiff the fees, costs, and expenses incurred in connection with enforcing Plaintiff's rights under the IDEA and Section 504 to attorneys' fees; such fees and costs include, but are not limited to, the fees, costs, and expenses incurred in this action; and

      D.     Grant Plaintiff any such other and further relief the Court deems appropriate.

Dated: August 29, 2018
      New York, New York

Respectfully submitted,

/s/ *Carl H. Loewenson, Jr.*
Carl H. Loewenson, Jr.
Rhiannon N. Batchelder
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019

Rebecca C. Shore
Advocates for Children of New York, Inc.
151 West 30th Street, 5th Floor
New York, New York 10001

*Attorneys for Plaintiff*

ny-1342366