```
UNITED STATES DISTRICT COURT            USDC SDNY
SOUTHERN DISTRICT OF NEW YORK           DOCUMENT
```
D.B. on behalf of S.B.,                 ELECTRONICALLY FILED
                                        DOC #: _____
                        Plaintiff,  DATE FILED: 9/20/2019

-against-

                              18 Civ. 7898 (AT) (KHP)

New York City Department of Education, New
York City Board of Education, and Richard           **ORDER**
Carranza, in his official capacity as Chancellor of
the New York City School District,

                       Defendants.

ANALISA TORRES, District Judge:

      Before the Court are Defendants' objections to the Report and Recommendation ("R&R") of Magistrate Judge Katherine H. Parker concerning Plaintiff D.B.'s application for attorney's fees and costs incurred in connection with administrative proceedings brought under the Individuals with Disabilities in Education Act, 20 U.S.C. § 1415(f)(1) ("IDEA"), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"). *See generally* Complaint, ECF No. 1. Also before the Court is Plaintiff's application for attorney's fees incurred in responding to Defendants' objections to the R&R. Pl. Resp. to Def. Obj. at 14, ECF No. 59. For the reasons stated below, the R&R is ADOPTED in its entirety, and Plaintiff's request for additional fees is GRANTED in part and DENIED in part.

## BACKGROUND[1]

      Plaintiff is the mother of S.B., a child with a disability as defined under the IDEA. *Id.* at 1. In April 2015, Plaintiff filed a request for an impartial hearing with Defendant New York City Department of Education ("DOE"), claiming that Defendant had denied S.B. a Free Appropriate Public Education

---

[1] The Court presumes familiarity with the facts and procedural history as set forth in the R&R but sets them forth briefly here. *See* R&R at 1–2.

("FAPE") for the 2014–2015 school year. Pl. Mem. at 1–2, ECF No. 28. DOE conceded that it had failed to provide S.B. a FAPE for the 2014–2015 school year and the Impartial Hearing Officer ordered DOE to provide S.B. a FAPE for the 2015–2016 school year. Def. Mem. at 1–3, ECF No. 41.

Having prevailed in the administrative proceedings, Plaintiff brought this action for attorney's fees and expenses, through her counsel, Morrison & Foerster LLP ("MoFo") and Advocates for Children of New York ("AFC"). Pl. Mot., ECF No. 27. On December 17, 2018, the Court referred the motion to the Honorable Debra C. Freeman. ECF No. 33. On December 28, 2018, the motion was reassigned to the Honorable Katherine H. Parker.

On April 22, 2019, Judge Parker issued an R&R recommending that the motion for attorney's fees be granted, and that Plaintiff be awarded $83,201.62 in attorney's fees and $3,573.67 in costs. ECF No. 52 at 16. Defendants timely filed their objections to the R&R on May 10, 2019. Def. Obj., ECF No. 58. Plaintiff did not file an objection. On May 24, 2019, Plaintiff requested additional attorney's fees in connection with responding to Defendants' objections. Pl. Resp. to Def. Obj. at 14. The objections to the R&R are now fully briefed. For the reasons stated below, the Court ADOPTS the R&R in its entirety.

## DISCUSSION

I.  Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a party makes specific objections, the court reviews *de novo* those portions of the report and recommendation that have been properly objected to. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v.*

*U.S. Citizenship & Immigration Serv.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [report and recommendation] do not trigger *de novo* review."). In addition, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Razzoli v. Fed. Bureau of Prisons*, No. 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014). The court may adopt those portions of the report and recommendation to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (internal quotation marks and citation omitted).

## II. Defendants' Objections

### A. MoFo Professionals' Hourly Rates

Plaintiff requests fees for work performed by four professionals at MoFo: a partner, Carl Loewenson, Jr., two associates, Joanna Zdanys and Rhiannon Batchelder, and a paralegal, Ruby Grossman. R&R at 5. The R&R recommends that this Court award fees for work performed by Loewenson, Batchelder, and Grossman at Plaintiff's requested rates, but reduce Zdanys' requested hourly rate from $300 per hour to $285 per hour. R&R at 8–11. Defendants object to the R&R's findings, arguing that the fees requested by these four individuals are not reasonable. Def. Obj. at 2.

Defendants ask this Court to determine the MoFo professionals' hourly rates *de novo*. *Id.* However, because Defendants merely "reiterate" arguments "made to, and rejected by," Judge Parker, the proper standard is clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008); *see also Williams v. Comm'r of Soc. Sec.*, No. 15 Civ. 7526, 2017 WL 1483545, at *3 (S.D.N.Y. Apr. 25, 2017), *appeal dismissed* (Dec. 6, 2017) (reviewing objections for clear error where party's objections reiterated the arguments made to the magistrate judge).

1. Loewenson

Defendants contend that in light of "the simple nature of this matter and Loewenson's limited IDEA experience his hourly rate should be reduced to no more than $360." Def. Mem. at 13. Judge Parker considered these arguments but ultimately recommended that Loewenson receive the requested $450 hourly rate. R&R at 9. Defendants merely repeat arguments made in their opposition brief.

The Court finds no clear error. Judge Parker's recommendation was supported by the record, including (1) the sworn declarations of seasoned IDEA litigators who confirm that prevailing rates for experienced IDEA attorneys are in the range of $350 to $650 per hour, R&R at 9–10; (2) the fact that courts in this District have awarded between $300 and $475 per hour to senior or experienced IDEA attorneys, R&R at 7; and (3) Loewenson's 30 years' of experience litigating, and 15 years working on IDEA cases, R&R at 5, which cannot be characterized as "limited." Judge Parker reasonably concluded that Loewenson deserved the recommended fee.

Accordingly, Defendants' objection with respect to Loewenson is OVERRULED.

2. Zdanys

Defendants contend that the rate attributed to Zdanys is not reasonable due to her inexperience. Def. Mem. at 10–11; Def. Obj. at 3. Defendants' objection merely rehashes their prior arguments. Judge Parker carefully considered Defendants' arguments concerning Zdanys' experience and concluded that her rate should be reduced, from the requested $300 per hour to $285 per hour, after noting her significant contributions to the matter and finding that a rate of $285 per hour is within the range awarded to junior associates. R&R at 10–11.

Defendants contend that Paulina Davis, an AFC attorney, "has more experience than Zdanys on IDEA cases" and "arguably should be awarded a higher rate than" Zdanys. Def. Obj. at 4. Defendants, however, ignore Judge Parker's finding that it would be reasonable for Davis to be

4

compensated at a higher rate than Zdanys, because Davis is more experienced. R&R at 10. It does not follow, however, that Zdanys' hourly rate was not within the range of reasonable rates for an attorney of her experience. The Court finds no clear error in Judge Parker's reasoning.

Accordingly, Defendants' objection with respect to Zdanys is OVERRULED.

### 3. Batchelder

Defendants argue that Batchelder's rate should be reduced due to her lack of experience in IDEA litigation. *See* Def. Mem. at 10–11; Def. Obj. at 5–6. Again, Defendants' objection merely repeats their prior arguments. As Judge Parker correctly found, Batchelder, a fourth-year associate, worked only on the attorney's fees litigation and her "skills as a litigator were directly translatable to her work on this matter." R&R at 11. That Batchelder lacks experience on substantive IDEA issues is irrelevant. The Court, therefore, finds no clear error in Judge Parker's assessment of Batchelder's rate.

Accordingly, Defendants' objection with respect to Batchelder is OVERRULED.

### 4. Grossman

Judge Parker found a rate of $150 per hour for Grossman, an experienced paralegal, to be reasonable, R&R at 11, relying in part on *C.D. v. Minisink Valley Central School District*, No. 17 Civ. 7632, 2018 WL 3769972 (S.D.N.Y. Aug. 9, 2018). The *C.D.* court found that the reasonable rate for paralegals with bachelor's degrees and over ten years of experience is $125 per hour. *C.D.*, 2018 WL 3769972, at *7. Defendants argue that because "Grossman, like the paralegals in *C.D.*, is an experienced paralegal with a bachelor's degree who does not specialize in IDEA cases . . . this Court should award fees for her services at a rate no higher than $125 per hour." Def. Obj. at 11. Many cases in this District, however, have found a rate of $150 to be reasonable for a senior paralegal. *See, e.g.*, *E.F. ex rel. N.R. v. New York City Dep't of Educ.*, No. 11 Civ. 5243, 2014 WL 1092847, at *4 (S.D.N.Y. Mar. 17, 2014) (awarding $150 to senior paralegal in IDEA case); *Hnot v.*

5

*Willis Group Holdings Ltd.*, No. 01 Civ. 6558, 2008 WL 1166309, at *3 (S.D.N.Y. Apr. 7, 2008) (finding "$150 per hour as a reasonable rate for paralegals in this District"); *Heng Chan v. Sung Yue Tung Corp.*, No. 03 Civ. 6048, 2007 WL 1373118, at *5 (S.D.N.Y. May 8, 2007) (finding rates for paralegals between $50 and $150 to be reasonable). The Court agrees.

Accordingly, Defendants' objection with respect to Grossman is OVERRULED.

    B. Number of Hours Billed in Preparation for Administrative Hearing

Defendants argue that the number of hours spent preparing for the hearing was excessive because the hearing was short and straightforward. Def. Mem. at 18–20; Def. Obj. at 11–15. Again, Defendants rehash old arguments. This includes arguments that the preparation-to-hearing time should adhere to a 3:1 ratio. Def. Mem. at 18–19; Def. Obj. at 12–13.

This Court agrees with Judge Parker that Defendants' claim that the number of hours spent preparing for and attending the hearing is "overstated." R&R at 12. The hearing was shorter and less complicated than anticipated because Defendants did not contest liability. *Id.* But Defendants did not advise Plaintiff's counsel until the "last minute" that they would not contest liability. *Id.* Plaintiff's counsel fully prepared for the contested hearing they reasonably expected and should not be penalized for doing so. R&R at 12. For these same reasons, Judge Parker rejected Defendants' arguments that preparation for the hearing should have adhered to a 3:1 ratio. R&R at 12. If a hearing where the Defendant fails to contest liability lasts three hours, a hearing where liability is contested will take longer. Judge Parker correctly reasoned then, that a contested liability hearing would last longer than the three hours the hearing actually lasted. *Id.* at 12. Given the lengthy and complicated process for preparing for a hearing, Judge Parker's recommendation concerning the number of hours spent preparing for and attending the hearing is reasonable. *See J.S. ex rel. Z.S. v. Carmel Cent. Sch. Dist.*, No. 10 Civ. 8021, 2011 WL 3251801, at *6 (S.D.N.Y. July 26, 2011)

6

(upholding plaintiff's award for preparation time "[i]n light of the lengthy and complicated process for preparing for a[n] [IDEA] hearing").

Judge Parker "carefully scrutinized" the hours submitted for reimbursement by Plaintiff. R&R at 11. The Court finds no clear error. Accordingly, Defendants' objection is OVERRULED.

### C. Number of Hours Billed for Intra-Office Communications

Defendants claim that the number of hours billed for intra-office communications go "well beyond what is reasonable, especially when a party seeks to shift fees." Def. Mem. at 19; *see also* Def. Obj. at 13–15. Defendants note that intra-office communications account for more than 34 hours of the time billed. Def. Obj. at 14. Plaintiff does not rebut this specific assertion. *See generally* Pl. Reply, ECF No. 46; Pl. Resp. to Def. Obj. Defendants contend that the court should review their objection *de novo* because "Judge Parker does not specifically address Defendants' argument . . . that the number of hours billed for intra-office communications . . . are excessive." Def. Obj. at 13. The Court, however, finds that Defendants have rehashed their arguments and, therefore, reviews for clear error, and finds none.

In reviewing the reasonableness of the number of hours billed for intra-office communications, the Court is guided by several considerations. First, the Court recognizes that parties seeking fees do not have to apply actuarial precision in preparing their bills. *See Torres v. Gristede's Operating Corp.*, 519 F. App'x 1, 3 (2d Cir. 2013) ("[T]he essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection.") (quoting *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011) (internal quotation marks omitted)). Second, intra-office communications facilitate delegation, which allows a law firm to conduct its business at a lower cost. *See Holzhauer v. Hayt, Hayt & Landau, LLC*, No. 11 Civ. 2336, 2012 WL 3286059, at *7 (D.N.J. Aug. 10, 2012). Relatedly, "[c]areful preparation often requires collaboration and rehearsal. . . ." *Id.* (internal quotation marks and citation omitted). Third, "[u]nlike drafting letters or making phone calls to

7

outside parties, internal conferences are harder to verify and therefore more likely to be excessive." *Pascuiti v. New York Yankees*, 108 F. Supp. 2d 258, 271 (S.D.N.Y. 2000).

Plaintiff seeks reimbursement for approximately 234 hours for work performed through November 30, 2018. *See* Pl. Mem. at 12, ECF No. 28 (adding hours worked). It is unclear whether the 34 hours of intra-office communications cited by Defendants covers work performed through November 30, 2018, or beyond. However, assuming it is the former, this would mean that intra-office communications amount to less than 15% of the total hours committed to the matter.

Standing alone, 34 hours may seem like a large number, but in the context of this matter it is reasonable. For example, in June 2015, it appears that MoFo and AFC billed 6.45 hours in intra-office communications. *See* ECF No. 29-14 at 6; ECF No. 30-1 at 3. This would amount to close to 1.6 hours a week spent on intra-office communications. Courts evaluating similar claims in IDEA cases have held that a total of 1.5 hours per week spent on intra-office communications was reasonable. *See Rayna P. v. Campus Cmty. Sch.*, No. 16 Civ. 151, 2019 WL 3239518, at *3 (D. Del. July 18, 2019). The Court does not find the difference between 1.6 and 1.5 to be material, especially considering that the intra-office communications that took place here include contact between attorneys at two different firms as opposed to communications taking place between attorneys in the same office or within the same firm. Under these circumstances, "careful preparation" would require even greater "collaboration and rehearsal." *See Holzhauer*, 2012 WL 3286059 at *7 (internal quotation marks and citation omitted).

This Court agrees with Judge Parker that Plaintiff's counsel has, in pre-scrubbing its invoices, demonstrated a good faith attempt to ensure that the fees requested are reasonable and comply with IDEA law. R&R at 12. Relatedly, in the R&R, Judge Parker recommends reducing the fees in connection with Plaintiff's work on the fee motion by 75%. R&R at 14–15. In doing so, Judge Parker explains that this reduction "also accounts for the other complaints Defendant has with the fee

8

application bills and Batchelder's time entries. Therefore, no further reductions will be made to this aspect of the application." *Id.*

Based on this Court's review of the submitted timesheets, the considerations outlined above, the "extensive reductions MoFo already made to its submitted hours," R&R at 14, and the significant reductions proposed by Judge Parker, R&R at 14–15, this Court finds the number of hours billed for intra-office communications provides the type of "rough justice" expected from fee-shifting and are reasonable. *See Torres*, 519 F. App'x at 3. Accordingly, Defendants' objection is OVERRULED.

D. Plaintiff's Fees for Defending Against Defendants' Objections

Plaintiff requests fees for defending against Defendants' objections to the R&R. Pl. Resp. to Def. Obj. at 12–15, ECF No. 59. Plaintiff argues that the attorney's fees provisions of the IDEA apply equally to the time spent on this fee litigation and that a full reward is essential to vindicate the purpose of the fee-shifting provisions. Pl. Resp. to Def. Obj. at 12. Plaintiff requests $7,348.50 in fees for time spent responding to Defendants' objections. *Id.* at 14–15. Defendants argue that such fees are not warranted, or, in the alternative, that the amount of fees sought is unreasonable because the numbers of hours billed is excessive. Def. Reply at 12–13.

District judges "evaluate the costs of preparing the fee motion no differently from the costs of litigating the underlying case." *K.L. v. Warwick Valley Cent. Sch. Dist.*, 584 F. App'x 17, 20 (2d Cir. 2014) (internal quotation marks, citation, and alterations omitted). And although "motion costs should be granted whenever underlying costs are allowed," "[t]he district court has broad authority to depart from this basic assumption" when it "give[s] some reasons for its decision to do so."). *Id.*

Here, there is reason to depart. Plaintiff's counsel billed 21.05 hours for work performed in connection to responding to Defendants' objections. *See* Loewenson Decl., ECF No. 60-1; *see also* Shore Decl., ECF No. 61-1. The 21.05 hours billed is higher than what other courts have found reasonable for responding to objections to a report and recommendation. *See Luongo v. 44-37 Rest.*

9

*Corp.*, No. 13 Civ. 7420, 2018 WL 1115697, at *4 (E.D.N.Y. Feb. 28, 2018) (finding 6.3 hours spent in connection with response to objections in FLSA case reasonable); *Troy Sch. Dist. v. Janice*, No. 12 Civ. 15413, 2016 WL 1178260, at *4 (E.D. Mich. Mar. 28, 2016) (finding 8.95 hours to "review, prepare and file" response to objections in IDEA case to be reasonable); *J.T. ex rel. Renee T. v. Dep't of Educ., Hawaii*, No. Civ. 1100612, 2013 WL 418687, at *5 (D. Haw. Jan. 31, 2013) (finding 12.05 hours spent preparing response to objections in IDEA case reasonable); *Rooths v. D.C.*, 802 F. Supp. 2d 56, 65 (D.D.C. 2011) (declining to award additional fees in IDEA where counsel spent 22 hours reviewing and responding to objections where "defendants' objections [were] virtually identical to its original arguments").

Additionally, the Court is cautious in reviewing the number of hours billed in connection with responding to Defendants' objections due to MoFo's practice of billing in quarter-hour intervals. As Judge Parker noted, billing in such intervals tends to overstate the amount of time spent on certain tasks. *See* R&R at 13. Judge Parker, in her comprehensive review of the requested fees, concluded that given the extensive reductions MoFo made to its submitted hours, MoFo had compensated for any overstatement in time spent in that regard. That approach does not apply here, where this Court evaluates the request for additional fees, standing alone. As such, the Court shall reduce the fees sought in connection with defending against Defendants' objections by 50%, bringing the total number of hours to 10.52, in line with what courts have found reasonable in similar cases. *See Troy Sch. Dist*, 2016 WL 1178260 at *4 (8.95 hours); *see also J.T. ex rel. Renee T.*, 2013 WL 418687 at *5 (12.05 hours).

Accordingly, the Court awards Plaintiff $3,674.25 in fees for work performed defending against Defendants' objections.

The Court has considered Defendants' remaining arguments and finds them to be without merit.[2]

**CONCLUSION**

The Court has reviewed *de novo* those portions of the R&R to which Plaintiff properly objects and has reviewed the remainder of the R&R for clear error. For the reasons stated above, the Court ADOPTS the R&R in its entirety. Plaintiff's request for additional fees is GRANTED to the extent that Defendants are directed to pay $3,674.25 for Plaintiff's attorney's fees in connection with defending against Defendants' objections.

The Clerk of Court is directed to terminate the motions at ECF No. 27 and to close the case.

SO ORDERED.

Dated: September 20, 2019
       New York, New York

                                            ANALISA TORRES
                                         United States District Judge

---

[2] To the extent not discussed above, the Court finds no clear error in the unchallenged portions of the R&R.